IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

Civil Action No. 5:09-CV-00366

| | |
|---|---|
| DAVID ROSE,<br><br>                         Plaintiff,<br>v.<br><br>WAYNE COUNTY SHERIFF'S OFFICE<br>and SHERIFF CAREY A. WINDERS<br><br>                         Defendants. | AMENDED COMPLAINT |

NOW COMES Plaintiff David Rose, pursuant to Rule 15(a) of the Federal Rules of Civil Procedure, and hereby files this Amended Complaint prior to the service of Defendants' responsive pleading. In his Amended Complaint, Plaintiff, complaining of Defendants, alleges as follows:

    1)     Plaintiff David Rose (hereinafter "Plaintiff") is, and at all times relevant to this action was, a citizen and resident of Wayne County, North Carolina.

    2)     Wayne County is a body politic organized pursuant to the laws of North Carolina. Defendant Wayne County Sheriff's Office is a department of Wayne County.

    3)     Upon information and belief, Defendant Wayne County Sheriff's Office (hereinafter "Sheriff's Office") employs in excess of seventy-five (75) employees.

4) Defendant Sheriff Carey A. Winders (hereinafter "Sheriff Winders") is, and at all times relevant to this action was, the Sheriff of Wayne County and was elected pursuant to Article VII, Section 2 of the North Carolina Constitution.

5) Plaintiff, a forty-two year old male, began his most recent period of employment with Defendants in or around May 2006 as a Deputy.

6) In August 2007, Plaintiff was promoted to the position of Detective Sergeant.

7) As a Detective Sergeant, Plaintiff routinely served warrants and other documents, made arrests and conducted investigations.

8) Plaintiff underwent knee replacement surgery on November 13, 2007. Upon his return to work on or about December 10, 2007, Plaintiff was placed on a reduced work schedule for a brief period of time in order for him to attend physical therapy.

9) Plaintiff returned to full duty status on or about February 4, 2008 and continued thereafter to perform his job duties in accordance with the requirements of his position.

10) In or around April 2008, Defendants gave Plaintiff a Merit Raise Consideration for 2008-2009. In said document, which was written by Captain Tom Effler, Defendants acknowledged that Plaintiff had returned to full duty after his surgery and stated that he showed great promise as a Detective Sergeant.

11) On May 21, 2008, Defendant Sheriff Winders presented Plaintiff with a letter dated May 19, 2008. Said letter informed Plaintiff that Defendants no longer considered Plaintiff to be physically able to perform the job duties of his Detective Sergeant position and, as a result, that Plaintiff would be discharged from employment with Defendants.

12) As of May 19, 2008, Plaintiff was fully able to perform the essential functions of his Detective Sergeant position.

13) Plaintiff continued to work as a Detective Sergeant from May 21, 2008 until June 4, 2008, the date of his discharge from employment.

## FIRST CLAIM FOR RELIEF
## VIOLATION OF THE AMERICANS WITH DISABILITIES ACT

14) Plaintiff incorporates herein the allegations of paragraphs 1-13 of this complaint as if fully set forth herein.

15) Defendants discharged Plaintiff because Defendants mistakenly regarded Plaintiff as having a disability that allegedly substantially limited Plaintiff from performing major life activities such as bending, stooping, squatting and/or running.

16) On November 14, 2008, Plaintiff filed a charge of discrimination with the Equal Employment Opportunity Commission (hereinafter "EEOC") and asserted that Defendants discharged him because Defendants regarded him as having a disability in violation of the Americans with Disabilities Act of 1980.

17) On April 29, 2009, the EEOC issued Plaintiff a right to sue letter.

18) Plaintiff has exhausted all applicable administrative remedies as required by the Americans with Disabilities Act of 1980.

19) Defendants both meet the definition of "employer" as set forth in 42 U.S.C. § 12111(5) of the Americans with Disabilities Act of 1980.

20) Defendants discharged Plaintiff in violation of 42 U.S.C. § 12112(a) of the Americans with Disabilities Act of 1980.

21) As a result of Defendants' actions, Plaintiff has suffered lost wages, lost employment benefits, pain and suffering, and the loss of status and reputation.

22) As a result of Defendants' actions, Plaintiff has suffered damages in an amount in excess of $10,000.00, the exact amount to be proven at trial.

## SECOND CLAIM FOR RELIEF
## WRONGFUL DISCHARGE

23) Plaintiff incorporates herein the allegations of paragraphs 1-22 of this complaint as if fully set forth herein.

24) North Carolina General Statute (hereinafter "N.C.G.S.") § 168A-2 provides that the practice of discrimination based on a disabling condition is contrary to the public interest.

25) Upon information and belief, Defendants are protected by one or more policies of liability insurance purchased by the Defendants pursuant to N.C.G.S. § 153A-435 with respect to the acts and omissions complained of herein, and to such extent Defendants have waived any official, sovereign, or governmental immunity to which Defendants might otherwise be entitled.

26) Defendants' actions as herein described were taken with malice and in willful and wanton disregard of Plaintiff's rights and in violation of the public policy of North Carolina.

27) As a result of Defendants' actions, Plaintiff has suffered lost wages, lost employment benefits, pain and suffering, and the loss of status and reputation.

28) Plaintiff has suffered damages in excess of Ten Thousand Dollars ($10,000.00) as a result of Defendants' wrongful discharge of him in violation of North Carolina public policy.

29) Defendants' conduct, described above, constitutes willful and wanton conduct within the meaning of N.C.G.S. §§ 1D-5(7) and 1D-15(a)(3) and conduct with malice within the meaning of N.C.G.S. §§ 1D-5(5) and 1D-15(a)(2), and accordingly Plaintiff is entitled to recover punitive damages from Defendants in such amount in excess of $10,000.00, and in accordance with law, as may be determined by the trier of fact.

## V.  PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays the Court:

1) For judgment against Defendants for compensatory damages in a sum in excess of Ten Thousand Dollars ($10,000.00) and for punitive damages as determined by the trier of fact as provided by law;

2) For a judgment declaring the employment practices of Defendants alleged herein to be unlawful;

3) For an order requiring Defendants to make whole the Plaintiff by reinstating him to the position of employment he would have enjoyed had Defendants not engaged in unlawful practices, by providing Plaintiff appropriate back pay, front pay, and reimbursement for lost benefits in an amount to be shown at trial, and by granting Plaintiff other appropriate affirmative relief;

4) For recovery of Plaintiff's costs herein, including a reasonable attorney's fee pursuant to 42 U.S.C. § 1988, and prejudgment interest from the date of the filing of this complaint; and

5) For such other relief to which Plaintiff may be entitled in law or in equity.

6) Trial by jury is hereby demanded as to all issues so triable.

This the 18th day of August, 2009,

        /s/ Charles E. Monteith, Jr.
        Charles E. Monteith, Jr.
        NC State Bar No. 9368
        /s/ Shelli Henderson Rice
        Shelli Henderson Rice
        NC State Bar No. 28766
        ATTORNEYS FOR THE PLAINTIFF
        Monteith & Rice, PLLC
        422 St. Mary's Street, Suite 6
        Raleigh, North Carolina 27605
        Telephone No. (919) 821-2053
        Facsimile No. (919) 821-2054

# CERTITICATE OF SERVICE

The undersigned hereby certifies that the foregoing Amended Complaint was filed electronically upon the United States District Court for the Eastern District of North Carolina, Western Division, and served upon Defendants' attorneys either electronically where available or by depositing copies of the same in the United States Mail, first class postage prepaid and addressed to:

        Ann H. Smith, Esq.
        Paul S. Holscher, Esq.
        Cranfill, Sumner & Hartzog, LLP
        Post Office Box 27808
        Raleigh, NC 27611-27808

This the 18th day of August, 2008,

        /s/ Charles E. Monteith, Jr.
        Charles E. Monteith, Jr.
        N.C. State Bar No. 9368
        For the firm of
        MONTEITH & RICE, PLLC
        422 Saint Mary's Street, Suite 6
        Raleigh, North Carolina 27605
        Telephone: (919) 821-2053